Order filed April 21, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00075-CV

                                                    __________

 

                                      CHAD
MURRAY, Appellant

 

                                                             V.

 

                                     KAREN
CHAVANA, Appellee



 

                                   On
Appeal from the 259th District Court

 

                                                             Jones
County, Texas

 

                                                     Trial
Court Cause No. 021733

 



 

                                                                     O
R D E R

 

            On March
25, 2011, Chad Murray filed a notice of appeal from a judgment entered on
January 31, 2011.  Upon receipt of the docketing statement and the notice of
appeal, this court wrote Murray and informed him that his notice of appeal
appeared to be untimely under Tex. R.
App. P. 26.1.  We requested that Murray respond and provide proof that
the notice of appeal was timely filed or otherwise show grounds for continuing
his appeal.  Murray filed a response indicating that he did not timely receive
notice of the trial court’s judgment and that his notice of  appeal was filed within thirty days of the date that he received notice of the trial court’s
judgment.  We abate this appeal.

Tex. R. Civ. P. 306a provides that, if,
within twenty days after a judgment is signed, a party adversely affected by it
has neither received the required notice nor acquired actual knowledge of the
judgment, the appellate deadlines shall begin to run from the date that such
party received notice or acquired actual knowledge of the rendition of
judgment.  Rule 306a(4); see also Tex.
R. App. P. 4.2(a).  In order to establish the application of the rule,
the adversely affected party must prove in the trial court on sworn motion and
notice the date on which the party or his attorney first received notice of the
judgment or acquired actual knowledge of it and that this date was more than
twenty days after it was signed.  Rule 306a(5); Tex. R. App. P. 4.2(b).  After hearing the motion,
the trial court shall sign a written order indicating the date when the party
first received notice or acquired actual knowledge of the signing of the
judgment.  Tex. R. App. P.
4.2(c). 

Murray
has not presented to this court any finding by the trial court reflecting the
date that he received notice or acquired actual knowledge of the judgment.  Therefore,
we will abate this appeal to provide him an opportunity to file with the trial
court the appropriate motion and obtain the requisite findings from that
court.  The trial court clerk is directed to furnish the trial court’s findings
to this court by May 18, 2011.  Upon receipt of the trial court’s findings,
this appeal will be reinstated.  

            The
appeal is abated.  

 

                                                                                    PER
CURIAM

 

April 21, 2011

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending
appointment of a successor by the governor.  





                [2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.